<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERICK K. KIMBUGWE, | |
| Plaintiff, | Civil Action No. 12-7940 (FLW) |
| v. | |
| UNITED STATES OF AMERICA., et al., | **OPINION** |
| Defendants. | |

**APPEARANCES**:

    ERICK K. KIMBUGWE
    800 Smith Street
    Linden, NJ 07036
    Plaintiff *Pro Se*

    MICHAEL E. CAMPION
    Office of the United States Attorney.
    970 Broad Street
    Newark, NJ 07102
    Attorney for Donna Campbell and Jennifer Chhibber

    JEFFREY S. MCCLAIN
    524 Maple Avenue, Suite 200
    Linwood, NJ 08221
    Attorney for Lionel Anicette, Vincent Okabekwa, Stephanie Zdanowski, Wanda Hicks

    ALAN RUDDY, Assistant County Counsel
    465 Dr. Martin Luther King, Jr., Blvd.
    Newark, NJ   07102
    Attorney for Roy Hendricks

<u>**WOLFSON, District Judge**</u>:

    While proceeding *in forma pauperis,* Erick K. Kimbugwe filed a Complaint, an Amended Complaint, and a Second Amended Complaint concerning the denial of adequate medical care

while he was confined by immigration officials at Essex County Correctional Facility ("ECCF") in New Jersey.  Presently before the Court are (1) motion to dismiss, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, filed by Donna Campbell and Jennifer Chhibber ("federal Defendants"); (2) motion for judgment on the pleadings, pursuant to Rule 12(c), filed by Dr. Lionel Anicette, Dr. Vincent Okabekwa, Stephanie Zdanowski, Wanda Hicks ("medical Defendants"); and (3) motion for judgment on the pleadings, pursuant to Rule 12(c), filed by Defendant Warden Hendricks.  For the reasons expressed below and pursuant to Rule 78, this Court grants the motion to dismiss for lack of jurisdiction filed by Defendant Chhibber; denies the motion to dismiss for failure to state a claim filed by Defendant Campbell; grants the motions for judgment on the pleadings filed by Defendants Dr. Anicette and Warden Hendricks; denies the motions for judgment on the pleadings filed by Defendants Okabekwa, Zdanowski, and Hicks; grants the motion for judgment on the pleadings filed by Warden Hendricks; and appoints counsel for Plaintiff.

## I.   BACKGROUND

This Court will take judicial notice of the docket of Plaintiff's habeas proceeding and the prior opinion of an Immigration Judge that was filed in that proceeding, *see Kimbugwe v. Holder,* Civ. No. 13-7321 (KM) (D.N.J. filed Dec. 5, 2013).  *See McTernan v. City of York,* 577 F.3d 521, 525 (3d Cir. 2009) (observing that, in deciding a motion to dismiss, "a court may take judicial notice of a prior judicial opinion.").  Plaintiff was detained by the Department of Homeland Security ("DHS") at ECCF from May 10, 2012, until about February 27, 2014, when the Immigration Judge granted him relief from removal.  It appears from the Immigration Judge's opinion attached to Plaintiff's petition that, when Plaintiff was six years old and living with his

2

family in Uganda, several guerilla soldiers entered his house, killed his parents, abducted him, subjected him to psychological trauma, including the forced use of drugs and alcohol while witnessing the torture and death of others, and required him to serve as a child soldier. The Immigration Judge noted that a medical report corroborated Plaintiff's past physical harm, including bodily scars, and that a psychological report from clinical psychologist Dr. Monica Indart indicated that Plaintiff's mental health problems, due to his experiences as a child soldier, included post-traumatic stress disorder. In addition, the Immigration Judge noted that Plaintiff had been seeing a psychologist on a regular basis and that he had been prescribed Remeron for his mental health issues.

On December 28, 2012, the Clerk received Plaintiff's original Complaint in this case naming the United States as Defendant, together with applications to proceed *in forma pauperis* and for the appointment of pro bono counsel. (ECF Nos. 1, 2.) On January 23, 2013, Judge Cavanaugh directed the Clerk to file Plaintiff's similar pleading, which had been docketed in Civil Number 12-7941 (DMC), as an Amended Complaint in the instant action. (ECF No. 3.) On March 7, 2013, Judge Cavanaugh granted Plaintiff's application to proceed *in forma pauperis*, dismissed Warden Hendricks and John Tsoukaris as defendants, and directed the United States Marshal to serve the remaining Defendants. (ECF No. 5.) On August 13, 2013, Magistrate Judge Dickson granted Plaintiff's request to file a Second Amended Complaint, which was filed on September 9, 2013, and denied his application for the appointment of pro bono counsel without prejudice. (ECF Nos. 18, 23.) On December 13, 2013, Defendants Anicette, Okabekwa, Zdanowski and Hicks filed an Answer and on February 6, 2014, Defendant Hendricks filed an Answer. (ECF Nos. 33, 40.)

On April 23, 2014, Defendants Campbell and Chhibber filed a motion to dismiss, which is presently before this Court. (ECF No. 50.) On August 22, 2014, Defendants Anicette, Okabekwa, Zdanowski and Hicks filed a motion for judgment on the pleadings, and on September 3, 2014, Defendant Roy Hendricks filed a motion to dismiss. (ECF Nos. 59, 61.) Plaintiff has not filed opposition or otherwise responded to these motions.

## II.   DISCUSSION

A.   <u>Motion to Dismiss For Lack of Jurisdiction</u>

Defendant Jennifer Chhibber seeks an order dismissing the claims against her in the Complaint, as amended, for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1). (ECF No. 50 at 1.) In support of her motion, Chhibber relies on a supporting brief and her own declaration. (ECF No. 50 at 1-2.) In her declaration, Defendant Chhibber avers that, when Plaintiff was detained at ECCF, she was employed by the United States Public Health Service ("PHS") as a Lieutenant Commander, she was the Field Medical Coordinator stationed at the Newark Field Office, and she served as a liaison between DHS and the detention facility regarding medical issues. (ECF No. 50-2.) She argues that this Court lacks jurisdiction over Plaintiff's claims against her because 42 U.S.C. § 233(a) precludes an action under *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971), against PHS personnel for constitutional violations arising out of their official duties. *See Hui v. Castaneda,* 559 U.S. 799, 801 (2010).

Rule 12(b)(1) authorizes a defendant to move to dismiss a claim for relief for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Where, as in this case, a defendant's Rule 12(b)(1) motion presents a factual attack on subject matter jurisdiction, a court may consider

4

material outside the pleadings in determining jurisdiction.[1]  *See U.S. ex rel. Schumann v. Astrazeneca Pharmaceuticals L.P.,* 769 F.3d 837, 845 (3d Cir. 2014); *Constitution Party of Pennsylvania v. Aichele,* 757 F.3d 347, 358 (3d Cir. 2014); *Gould Electronics Inc. v. United States,* 220 F.3d 169, 176 (3d Cir. 2000).

>The statute on which Chhibber relies provides:
>
>The remedy against the United States provided by [the Federal Tort Claims Act] for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions . . , by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

42 U.S.C. § 233(a).

In *Hui v. Castaneda, supra,* the survivors of immigration detainee Castaneda brought *Bivens* claims against Dr. Hui, a civilian PHS employee who was the physician responsible for Castaneda's medical care during his detention, and Stephen Gonsalves, a commissioned PHS officer serving as a Health Services Administrator at the facility.  Relying on declarations, Hui and Gonsalves filed a motion to dismiss, pursuant to Rule 12(b)(1), which the District Court denied on the ground that Congress did not intend to preclude a *Bivens* action when it enacted § 233(a).  The Ninth Circuit affirmed and the Supreme Court reversed and remanded, holding that "the immunity provided by § 233(a) precludes *Bivens* actions against individual PHS officers or employees for harms arising out of conduct described in that section."  *Hui,* 559 U.S. at 812.

---

[1] "In sum, a facial attack contests the sufficiency of the pleadings, whereas a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites."  *Constitution Party of Pennsylvania v. Aichele,* 757 F.3d 347, 358 (3d Cir. 2014) (citations and internal quotation marks omitted).

In this case, Plaintiff seeks damages against Defendant Chhibber for failing to respond reasonably to his request for adequate mental health and medical care while he was an immigration detainee at ECCF. Chhibber was at that time employed by PHS as the Field Medical Coordinator stationed at the Newark Field Office. Under the holding of *Hui v. Castaneda,* this Court lacks jurisdiction over Plaintiff's claim against Chhibber because Chhibber is immuned from suit under § 233(a). Accordingly, this Court will grant her motion to dismiss the claims against her for lack of jurisdiction.

B.  Motions to Dismiss Under Rule 12(b)(6) and 12(c)

Defendant Campbell seeks to dismiss the claims against her for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6). Defendants Anicette, Okabekwa, Zdanowski, Hicks, and Warden Hendricks seek judgment on the pleadings, pursuant to Rule 12(c). (ECF Nos. 59, 61.)

Rule 12(b)(6) authorizes a defendant to move to dismiss a claim for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Rule 12(c) authorizes a party to move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. *See* Fed. R. Civ. P. 12(c). In deciding a Rule 12(c) motion, a court employs the same standard applicable to dismissals for failure to state a claim under Rule 12(b)(6). *See Grajales v. Puerto Rico Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012); *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010); *Turbe v. Government of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991); 2-12 Moore's Federal Practice – Civil § 12.38.

A complaint survives a motion to dismiss for failure to state a claim or motion for judgment on the pleadings if it alleges "sufficient factual matter" to show that the claim is facially plausible.

6

*Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

"[I]n deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs." *McTernan,* 577 F.3d at 526 (quoting *Schrob v. Catterson,* 948 F.2d 1402, 1408 (3d Cir. 1991)). "In addition to the complaint itself, the court can review documents attached to the complaint and matters of public record, and a court may take judicial notice of a prior judicial opinion." *McTernan,* 577 F.3d at 526 (citation omitted). Rule 12 prohibits the court from considering matters outside the pleadings in ruling on a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings, and a court's consideration of matters outside the pleadings converts the motion to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); 2-12 Moore's Federal Practice – Civil § 12.03; *see also Mele v. Federal Reserve Bank of New York,* 359 F.3d 251, 257 (3d Cir. 2004) ("In deciding a Rule 12(c) motion, the court does not consider matters outside the pleadings.")

Detainees are protected from punishment without due process of law under the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 538 (1979); *Bistrian v. Levi*, 696 F.3d 352, 373-74 (3d Cir. 2012). That inquiry generally involves application of the Eighth Amendment deliberate indifference standard, insofar as "the Fourteenth Amendment affords . . . detainees protections 'at least

7

as great as the Eighth Amendment protections available to a convicted prisoner.'" *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003) (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). "[T]he fourteenth amendment imposes on local governmental actors the same duty to provide medical care for pretrial detainees that the eighth amendment imposes with respect to convicted prisoners: the duty not to engage in '[a]cts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" *Simmons v. City of Philadelphia,* 947 F.2d 1042, 1067 (3d Cir. 1991) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *see also Barkes v. First Correctional Medical, Inc.,* 766 F.3d 307, 322 (3d Cir. 2014) ("Under the Eighth Amendment, prison officials, from the bottom up, may be liable if by act or omission they display a deliberate indifference to a known risk of substantial harm to an inmate's health or safety.")

A medical need is serious where it "has been diagnosed by a physician as requiring treatment or is . . . so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth County Correctional Institution Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (citations omitted). Deliberate indifference is a subjective standard: "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Erickson v. Pardus*, 551 U.S. 89, 90 (2007). "[A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Barkes,* 766 F.3d at 325 (quoting *Farmer,* 511 U.S. at 836). "A plaintiff can, however, prove an official's actual knowledge of a substantial risk to his safety 'in the usual ways, including inference from circumstantial evidence.' In other words, 'a factfinder may conclude that a

8

prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Bistrian*, 696 F.3d at 367 (quoting *Farmer*, 511 U.S. at 842).

To recover for the violation of constitutional rights by a person under color of state law under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001). In *Bivens,* the Supreme Court found an implied damages remedy available under the Fourth Amendment. *See Bivens*, 403 U.S. at 397. The Supreme Court has also recognized an implied damages remedy under the Due Process clause of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979), and the Cruel and Unusual Punishment clause of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). To state a claim for damages under *Bivens,* a plaintiff must show that federal officers violated his constitutional rights. *Malesko*, 534 U.S. at 66. In this case, Defendants Hendricks, Anicette, Okabekwa, Zdanowski, and Hicks do not argue that they were not acting under color of state law and Defendant Campbell does not argue that *Bivens* is unavailable with respect to Plaintiff's claims against her; this Court will, accordingly, consider whether Plaintiff has plausibly alleged a deliberate indifference to serious medical needs claim against each of these Defendants.

As an initial matter, Plaintiff alleges facts indicating that he had serious medical needs: In his Complaint, as supplemented, he asserts that, before being detained by immigration officials, he had

9

been diagnosed with post-traumatic stress disorder, antisocial personality disorder, and poly-substance dependency, and that he had been prescribed Remeron.[2]

With respect to the deliberate indifference of Defendant Hicks, Plaintiff alleges that, on May 10, 2012, Nurse Hicks conducted his medical intake and that, during intake, he handed her his prescribed medications, which included Remeron, together with a CD containing his medical records. He asserts that, although Hicks allowed him to take his prescribed Remeron that day, she confiscated the medication and did not give any medication for the next 10 days. He further alleges that she provided no medical reason for discontinuing his prescribed medication. (ECF Nos. 1 at 11-14 and 23 at 6, 10-12.) This Court will not dismiss the § 1983 deliberate indifference claim against Nurse Hicks for failure to state a claim because it can plausibly be inferred from Plaintiff's allegations that Defendant Hicks knew that Plaintiff had been prescribed Remeron, she knew that he had been diagnosed with several medical conditions, and she interfered with Plaintiff's prescribed treatment. *See Estelle,* 429 U.S. at 104-105 (noting that deliberate indifference may be shown by an official "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed"); *Dykeman v. Ahsan,* 560 F.App'x 129, 132 (3d Cir. 2014) (holding that deliberate indifference may be shown where "the prison official . . . prevents a prisoner from receiving needed or recommended medical treatment.") (quoting *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir. 1999); *White v. Napoleon,* 897 F.2d 103, 109 (3d Cir. 1990) (holding that "[d]eliberate

---

[2] Although this Court is not relying on the following information in deciding Defendants' motions, it appears that Remeron is the brand name for Mirtazapine, an atypical antidepressant medication prescribed to treat major depressive disorder in patients who have inadequate responses or intolerable side effects using first-line treatments. *See* Michael Hirsch, MD, Robert J. Birnbaum, MD, PhD, ATYPICAL ANTIDEPRESSANTS: PHARMACOLOGY, ADMINISTRATION, AND SIDE EFFECTS, http://www.uptodate.com/contents/atypical-antidepressants-pharmacology-administration-and-side-effects?source=search_result&search=atypical+antidepressants&selectedTitle=1~126 (last visited Nov. 14, 2014).

indifference may be demonstrated as well by allegations that Dr. Napoleon . . . withheld medication needed to control a prisoner's blood pressure for no medical reason.")

Plaintiff also asserts facts showing that Stephanie Zdanowski was deliberately indifferent to his medical needs. He asserts that, although he brought his previously prescribed medication to ECCF, as well as a CD containing his medical records, Stephanie Zdanowski, whom Plaintiff believed was a psychiatrist at the facility, "refused to give plaintiff the original medication citing that it is too expensive. She further alleged that the Medical Unit in the facility is managed by a 'cheap company' and [] they will not spend money on medical care." (ECF No. 23 at 5 & 15.) He also alleges that, over the course of several months, Zdanowski replaced the previously prescribed Remeron with a variety of medications, at incorrect dosages, even though Plaintiff repeatedly complained that these medications made his condition worse and caused side effects, including swollen ankles, swollen glands, high blood pressure, manual instability, blurry vision, memory loss, abdominal pain, confusion, constipation, nose bleeds, and hearing voices. It can be inferred from these allegations that, like Hicks, Zdanowski interfered with Plaintiff's treatment with previously prescribed Remeron and, based on cost, she replaced a prescribed medication that worked with other, cheaper medications, which exacerbated Plaintiff's condition and caused serious, and apparently unnecessary, side effects. *See White,* 897 F.2d at 109-110 (holding that intentional interference with prescribed treatment for a non-medical reason is one of several methods of showing deliberate indifference to serious medical needs).

Plaintiff also pleads a deliberate indifference claim against Dr. Okabekwa. He asserts that Dr. Okabekwa recklessly prescribed many medications at the incorrect dosage which made his condition worse, he "never explained to me reasons why I could not get my original medication," he changed the medication list "three times within the past seven months and no medication to the original

11

medication," (ECF No. 23 at 10), and he "fail[ed] to advise and warn the plaintiff of the dangerous nature of taking the incorrect dosage of such medication," (ECF No. 23 at 13), even though Plaintiff complained each time the medications were changed that they made his condition worse, caused serious side effects, and in September 2012 a medical professional "expressed grave concerns as to the side effects these medications were causing."  (ECF No. 23 at 12.)  Although the deliberate indifference claim against Dr. Okabekwa is a close question, this Court finds that Plaintiff has pleaded facts from which one can plausibly infer deliberate indifference, *i.e.,*, Dr. Okabekwa's persistence in using medications other than the previously prescribed medication, after Plaintiff told him that Remeron worked, that the series of different medications were not working and were causing numerous side effects, and after Plaintiff asked why he could not be given his previously prescribed Remeron.  *See White,* 897 F.2d at 109 (observing that allegations that "the doctor allegedly insisted on continuing courses of treatment that the doctor knew were painful, ineffective or entailed substantial risk of serious harm" to plaintiff adequately asserted deliberate indifference); *see also Erickson v. Pardus,* 551 U.S. 89 (2007) ("It was error for the Court of Appeals to conclude that the allegations in question, concerning harm caused petitioner by the termination of his medication, were too conclusory . . . for pleading purposes).

      Plaintiff asserts the following facts with respect to Defendant Campbell.  Plaintiff alleges that he approached Campbell in May of 2012, shortly after he became incarcerated, because as the Detention Service Manager, she was "responsible for making sure detainees health and Mental issues are address[ed] properly and in a timely manner," and he informed her that he was "being given [the] wrong medication."  (ECF No. 23 at 7.)  He asserts that she took his information on her ipad, but took no corrective action.  He asserts that he complained to her in "June, July, August, September, up to November [but] Defendant overlook[ed] the seriousness of the problem and this matter [c]ould have

12

bee[n] avoided by her position." *Id.* Although this also is a close question, this Court finds, in light of Plaintiff's *pro se* status and the requirement that a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson,* 551 U.S. at 94 (quoting *Estelle,* 429 U.S. at 106), Plaintiff has sufficiently pled a deliberate indifference claim against Defendant Campbell.

The Complaint, as supplemented, however, does not plead facts showing that Dr. Anicette was deliberately indifferent to Plaintiff's medical needs. Plaintiff asserts that Dr. Anicette, as the Medical Director for ECCF, had "authority . . . to direct the medical team to provide timely and adequate medical care to detainees." (ECF No. 23 at 6.) "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior.*" *Batts v. Giorla,* 550 F.App'x 110, 112 (3d Cir. 2013) (quoting *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988)). In this case, Plaintiff does not allege that Dr. Anicette was involved in Plaintiff's treatment or that Dr. Anicette was even aware of Plaintiff's medical problems. Thus, this Court will grant Dr. Anicette's motion to dismiss the § 1983 claims against him without prejudice.

Plaintiff also sues Warden Hendricks for deliberate indifference to his medical needs. Courts generally "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment[,] which remains a question of sound professional judgment." *Batts,* 550 F.App'x at 113 (quoting *Inmates of Allegheny County Jail v. Pierce,* 612 F.2d 754, 762 (3d Cir. 1979)) (internal alterations, quotation marks omitted). Moreover, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with . . . deliberate indifference." *Spruill v. Gillis,* 372 F.3d 218, 236 (3d Cir. 2004). In this case, Plaintiff asserts that Hendricks' "failure to

respond to my grievances, and complaint, and his failure to contact or refer my complaint to the appropriate head of the Medical Clinic, was a negligence of his duty and a deliberate indifference to my medical needs." (ECF No. 23 at 8.) Plaintiff was receiving care from medical staff, and he does not allege facts showing that Warden Hendricks had reason to believe that prison doctors were mistreating or not treating Plaintiff's medical needs. Absent such allegations, Plaintiff's claim does not satisfy *Iqbal's* plausibility standard with respect to Warden Hendricks' deliberate indifference. This Court will dismiss the federal claims against Warden Hendricks without prejudice.

C.  Appointment of Counsel for Plaintiff

Once a court finds that an indigent party's case has arguable merit, in deciding to appoint counsel, the court should "consider a number of additional factors including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses." *Cuevas v. United States*, 422 F.App'x. 142, 145 (3d Cir. 2011) (citing *Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993)). Given the need for discovery and factual development in this case, the likelihood that Plaintiff will need an expert witness, and Plaintiff's inability to pursue investigation of his claims because he is no longer detained at ECCF, this Court finds that the appointment of *pro bono* counsel for Plaintiff, pursuant to 28 U.S.C. § 1915(e)(1), is necessary.

### III.   CONCLUSION

For the reasons set forth in this Opinion, this Court grants the motion to dismiss for lack of jurisdiction filed by Defendant Chhibber; denies the motion to dismiss for failure to state a claim filed by Defendant Campbell; grants the motions for judgment on the pleadings filed by Defendants Dr. Anicette and Warden Hendricks; denies the motions for judgment on the pleadings filed by Defendants Okabekwa, Zdanowski, and Hicks; grants the motion for judgment on the pleadings filed by Warden Hendricks; and appoints counsel for Plaintiff pursuant to 28 U.S.C. 1915(e)(1).

  /s/ Freda L. Wolfson  
**FREDA L. WOLFSON, U.S.D.J.**

DATED:   November 24, 2014